MW

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alamgir Hossain Jabed,<br><br>Petitioner,<br><br>v.<br><br>Chuck Keeton, et al.,<br><br>Respondents. | No. CV-19-05664-PHX-SPL (MHB)<br><br>**ORDER** |

Petitioner Alamgir Hossain Jabed, who is presently detained in the CoreCivic La Palma Correctional Center in Eloy, Arizona, has filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and a Motion for Temporary Restraining Order (Doc. 2). As follows, the Motion will be denied in part, and Respondents will be required to file an expedited Answer and Response.

**I.     Background**

Petitioner is a native and citizen of Bangladesh. On July 12, 2018, he entered the United States near Laredo, Texas, and was encountered and taken into custody by the United States Department of Homeland Security (DHS). (Docs. 1 ¶ 19, 1-4.) Petitioner was designated as an Unaccompanied Alien Child (UAC) and transferred into the care and custody of the United States Department of Health and Human Services (HHS), Administration for Children and Families, Office of Refugee Resettlement (ORR). (*Id.*)

ORR placed Petitioner in a Southwest Key juvenile facility in Phoenix, Arizona on July 17, 2018. (Docs. 1 ¶ 19, 1-3 at 2.) On July 22, 2018, Petitioner's mother faxed ORR

1 | Case Manager Fabiola Rodriguez copies of his birth certificate, school identification, and "other identity supporting documentation," as well as copies of his mother and father's birth certificates. (Doc. 1-3 at 2.) The documents reflected that Petitioner was born in 2001, making him 17 years old at the time. (Docs. 1 ¶ 20, 1-3 at 2.) ORR Case Manager Diana Alvarado met with Petitioner on August 13, 2018, at which time she advised that she had "received school documents and clearer proofs of ID's, sent previously." (Doc. 1-3 at 4.)

On October 16, 2018, Rodriguez reported that dental forensics had "been approved for [Petitioner's] case." (Doc. 1-3 at 5.) The following day, however, she reported Petitioner had "been determined to be an adult" and the "age re-determination process ha[d] been initiated." (*Id.*) Rodriguez noted that she had received a passport which listed the name "Jabed Alamgir Hossain," and a date of birth of "11/10/1997." (*Id.*)

On October 18, 2018, ORR Federal Field Specialist (FFS) M. Hillin contacted United States Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations, regarding Petitioner. (Doc. 1-4 at 3.) ICE Officer N. Sullivan reported that although Petitioner had a birth certificate which indicated he was born in 2001, the Biometric Identification Transnational Migration Alert Program (BITMAP) indicated that "on his way through Central America and Mexico," Petitioner had used a date of birth of "10/11/1997." (*Id.*) Sullivan thereby determined that Petitioner was "no longer designated a UAC … since his 18th birthday." (*Id.*) Petitioner was then transferred into ICE custody and detained in the CoreCivic Central Arizona Florence Correctional Center in Florence, Arizona. (Docs. 1-4 at 3, 1-8 ¶ 27.)

On December 18, 2018, a custody redetermination hearing was held before the immigration court in Florence, Arizona. (Doc. 1-6.) "Because of the incorrect age redetermination, the immigration judge found that [Petitioner] could not establish his identity and therefore denied him a bond." (Doc. 1 ¶ 28; *see also* Doc. 1-6 (noting "No credible identity documents").)

. . . .

On November 7, 2019, Petitioner's counsel emailed ICE Assistant Field Office Directors Jason Ciliberti and Cesar Topete, advising that an incorrect age determination had been made and requested that Petitioner be released into the care of a family sponsor. (Docs. 1 ¶ 29, 1-7.) Counsel provided copies of Petitioner's birth certificate with verification, school identification, school certificate, as well as medical and vaccination records, all of which listed Petitioner's year of birth as 2001. (Docs. 1-2, 1-7.) The outcome of that request is unknown.

**II. Petition**

On November 21, 2019, Petitioner filed the instant § 2241 Petition naming La Palma Correctional Center Warden Chuck Keeton, ICE Phoenix Field Office Director Albert Carter, ICE Assistant Field Office Director Cesar Topete, ICE Assistant Field Office Director Jason Ciliberti, Acting DHS Secretary Chad Wolf, HHS Secretary Alex M. Azar, II, and United States Attorney General William Barr as Respondents.[1]

Petitioner brings five grounds for relief. Petitioner claims: (1) his continued detention in DHS custody pursuant to ORR's age determination violates the Trafficking Victims Protection and Reauthorization Act (TVPRA), 8 U.S.C. § 1232, and its implementing policies; (2) DHS's failure to consider placing him in the least restrictive setting when he reached the age of 18 in accordance with the TVPRA violates the Administrative Procedure Act (APA), 5 U.S.C. § 706; (3) DHS's failure to allow him to participate in "alternative to detention" programs when he reached the age of 18 in accordance with the TVPRA violates the APA; (4) his continued detention arbitrarily deprives him of his liberty in violation of his substantive due process rights under the Fifth Amendment; and (5) his detention without a meaningful individualized opportunity to

---

[1] Under the rationale articulated in *Armentero, infra*, and in the absence of authority identifying the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss the individual Respondents or the Petition for failure to name a proper respondent at this stage. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent to an immigration habeas corpus petition).

demonstrate that he should not be detained violates his procedural due process rights under the Fifth Amendment.

In his prayer for relief, Petitioner asks the Court to: (1) declare that ICE and ORR's age redetermination violates the TVPRA; (2) enjoin ICE and the United States Executive Office for Immigration Review from applying the age redetermination in Petitioner's proceedings; (3) declare that ICE's failure to place Petitioner in the "least restrictive setting available" and make "alternative to detention programs" available to him violates the TVPRA; (4) order ICE to consider Petitioner for, and place him in, the least restrictive setting available after taking into account whether he is a danger to himself or the community or is a flight risk; and (5) order ICE to allow Petitioner to participate in "alternative to detention programs" utilizing a continuum of alternatives based on his need for supervision, including placement with an individual or organizational sponsor, or in a supervised group home. In the alternative, Petitioner asks the Court to order his immediate release from custody, or order that he be released within seven days unless Respondents schedule a bond hearing for him before an immigration judge.

The Court will require Respondents Keeton, Carter, Topete, Ciliberti, Wolf, Azar, and Barr to answer the Petition.

**III. Motion for Temporary Restraining Order**

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Where a movant seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in

damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions,* 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order (TRO) may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).

In his Motion, Petitioner repeats his request for the relief demanded in his Petition and asserts that "[i]f immediate injunctive relief is not provided, [he] will not be able to avail himself of his right to be in the least restrictive setting and his removal proceedings will continue with the presumption that he lied about his age." (Doc. 2 at 19.) Although the circumstances alleged provide cause for accelerated consideration, Petitioner has not shown that he will suffer irreparable injury before Respondents can be heard in opposition. He therefore fails to meet his burden to demonstrate that he is entitled to immediate injunctive relief, and his request for a temporary restraining order will be denied. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974) (consistent with the "stringent" restrictions of Fed. R. Civ. P. 65(b), a TRO may be entered only to execute the "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). As a matter of discretion, however, the Court will construe Petitioner's request as a motion for preliminary injunction and will set an expedited briefing schedule.

**IT IS ORDERED:**

(1) Petitioner's Motion (Doc. 2) is construed as a Motion for Temporary Restraining Order and Preliminary Injunction and is **denied in part** as to Petitioner's Motion for Temporary Restraining Order.

(2) Respondents shall have **21 days** from the date of service to file an Answer to the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).

(3) Petitioner shall have **10 days** from the filing of Respondents' Answer to the Petition to file a Reply.

(4) Respondents shall have **21 days** from the date of service to file a Response to Petitioner's Motion for Preliminary Injunction (Doc. 2).

(5) Petitioner shall have **10 days** from the filing of Respondents' Response to the Motion to file a Reply.

(6) The Clerk of Court shall promptly **serve**: (i) a copy of the Summons, (ii) the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), (iii) the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2), and (iv) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, the Motion for Temporary Restraining Order and Preliminary Injunction, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(7) Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **5 days** of any material change in Petitioner's immigration or custody status. Petitioner may not include a motion for other relief with the Notice.

Dated this 25th day of November, 2019.

Honorable Steven P. Logan
United States District Judge

- 6 -